Case 1:01-cv-00108   Document 6   Filed in TXSD on 07/12/2001   Page 1 of 22

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Bankruptcy Court
Southern District of Texas
FILED

JUL 1 0 2001

Michael N. Milby, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL NO. B-01-108 |
| | § | |
| ONE 1992 KENWORTH TRACTOR | § | |
| VIN NO. 1XKADB9X3NJ568057 | § | |
| Defendant | § | |

## STATEMENT OF LIENHOLDER IN CONNECTION WITH
## CLAIMS FOR FORFEITURE IN REM

CitiCapital Commercial Corporation f/k/a Associates Commercial Corporation

("Citicapital") pursuant to Rule C(6)(a) of the Federal Supplemental Rules for Certain Admiralty

and Maritime Claims, hereby files this Statement of Lienholder with respect to:

1992 KENWORTH TRACTOR  VIN #1XKADB9X3NJ568057 (the "Collateral")

The debtor, Nicholas Gonzalez, Jr., purchased the Collateral pursuant to the terms and

conditions of a certain Conditional Sale Contract/Security Agreement dated July 22, 1999

(the "Note").  A true and correct copy of the Note and the Texas Certificate of Title Application

are attached hereto as Exhibits  "A" and "B" and incorporated herein by reference for all

purposes.  Associates has a properly perfected purchase money security interest in the Collateral.

On or about April 24, 2001, Associates filed a Lienholder's Claim Form with the Drug

Enforcement Administration ("DEA"), a true and correct copy of which is attached hereto as

Exhibit "C".  In addition, by letter dated April 10, 2001, Associates notified its borrower,

Nicholas Gonzalez, Jr. of his default under the terms of the Note with Associates, including,

without limitation, a payment default and a default associated with the seizure of the Collateral

by the DEA.  A true and correct copy of said letter is attached hereto as Exhibit "D".

CM/PDF - www.fenix.com

The default has not been cured.

CitiCapital has designated the undersigned law firm and attorneys to represent it in connection with this matter.

WHEREFORE, Citicapital Commercial Corporation f/k/a Associates Commercial Corporation, respectfully prays that upon final hearing, the Court take such action as is necessary to protect Citicapital's lien with respect to the Collateral and grant such other and further relief to which it may show itself entitled.

Respectfully submitted,

Michael P. Ridulfo
State Bar No. 16902020
**SORRELL, ANDERSON, LEHRMAN,**
**MAIXNER & RIDULFO, L.L.P.**
1200 American Bank Plaza
Corpus Christi, Texas  78475
(361) 884-4981 FAX (361) 884-9618
**ATTORNEY FOR CITICAPITAL**
**COMMERCIAL CORPORATION**
**F/K/A ASSOCIATES COMMERCIAL**
**CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following parties-in-interest, Via First Class Mail, on this the 10th day of July, 2001.

Ronald G. Morgan, Esq.
Assistant United States Attorney
600 East Harrison, Ste. 201
Brownsville, Texas 78521

Mr. Nicholas Gonzalez, Jr.
100 Ellia Street
Edcouch, Texas 78538

Jose Adan Garza
116 Ellia Street
Encouch, Texas 78538

Michael P. Ridulfo

## VERIFICATION

**STATE OF TEXAS**       *

**COUNTY OF BEXAR**      *

     **BEFORE ME**, the undersigned authority, on this day personally appeared Tina Calvillo who, being by me duly sworn, on her oath deposed and stated that she is the Asset Manager of Associates Commercial Corporation, that she has read the above and foregoing instrument and that the statements contained therein are true and correct.

           By: _____
                      Tina Calvillo

     **SUBSCRIBED AND SWORN TO BEFORE ME** by the said Tina Calvillo, on this ____ day of _____

ALICIA FRAUSTO
Notary Public
State of Texas
Comm. Exp. 06-20-2004

_____
Notary Public, State of Texas

CibiPDF - www.fasrio.com

# SECURITY AGREEMENT
## (Conditional Sale Contract)

*v. Gonzales 13/0208*

ASSOCIATES

The undersigned buyer, meaning all buyers jointly and severally ("Buyer"), having been quoted both a time sale price and cash sale price, has elected to purchase and hereby purchases from the undersigned seller ("Seller") for the time sale price shown below, under the terms and provisions of this agreement, the following described property (herein, with all present and future attachments, accessories, replacement parts, repairs, additions, and all proceeds thereof, referred to as "Collateral"):

| Year | Make | Model | Description | Identifying Number |
|------|------|-------|-------------|--------------------|
| 1992 | KENWORTH | T-600 | TRK TR | 1XKADB9X3NJ568057 |

Collateral Will Be Kept At (Address): P O BOX 926, EDCOUCH     County HIDALGO     State TX

## INSURANCE COVERAGE

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS AGREEMENT.

PHYSICAL DAMAGE INSURANCE COVERING THE COLLATERAL IS REQUIRED; however, Buyer has the option for a period of 10 days of furnishing the required insurance either through existing policies or through any insurance company authorized to transact business in Texas.

[X] Buyer requests and authorizes Seller to obtain the insurance coverage checked below on the Collateral for __24__ months from the date of this agreement, and for the premium of $ __3,240.00__
(Enter above and in 4(a) - OTHER CHARGES)

CHECK ONE

[ ] $_____ Deductible Fire, Theft, Combined Additional Coverage, and
    $_____ Deductible Collision; or

[X] $__1000__ Deductible Comprehensive and
    $__1000__ Deductible Collision.

[ ] Buyer has obtained the required coverages through:

..........................................................
(Agent's Name and Address)

..........................................................
(Name of Insurance Company)

CREDIT INSURANCE, if included, is not a factor in the approval of credit, is not required by the Seller and is for the term of the credit only.

[X] The Buyer(s) shown below desires Credit Insurance: Premium $ __139.92__
(Enter above and in 4(b) - OTHER CHARGES)

CHECK ONE

Buyer NICOLAS GONZALEZ, JR.

Co-Buyer...........................................

The Buyer(s) shown above hereby requests and authorizes Seller to obtain Credit Insurance, if checked above, to the extent the cost thereof is included in item 4(b) - Other Charges.

[ ] The Buyer(s) shown below does not want Credit Insurance.

Buyer...........................................

Co-Buyer...........................................

BUYER *Nicolas Gonzalez Jr.*     Date 07/22/99

CO-BUYER _____     Date 07/22/99

**Description of Trade-In:**     NONE

| | | |
|---|---|---|
| Gross Allowance | $ | 0.00 |
| Less Amount Owing To: | $ | 0.00 |
| Trade-In (Net Allowance) | $ | 0.00 |

(Enter above and in 2(b) - DOWN PAYMENT)

| | | |
|---|---|---|
| 1. CASH SALE PRICE | $ | 15,062.00 |
| 2. (a) Cash Down Payment ... $ 3,000.00 | | |
| (b) Trade-in (See above) ... $ 0.00 | | |
| TOTAL DOWN PAYMENT (a + b) | $ | 3,000.00 |
| 3. UNPAID BALANCE OF CASH PRICE (1 Minus 2) | $ | 12,062.00 |
| 4. ITEMIZED CHARGES | | |
| (a) Physical Damage Insurance ... $ 3,240.00 | | |
| (b) Credit Insurance ... $ 139.92 | | |
| (c) Documentary Fee ... $ 50.00 | | |

A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND A DOCUMENTARY FEE MAY NOT EXCEED $50.00. THIS NOTICE IS REQUIRED BY LAW.

| | | |
|---|---|---|
| (d) Registration or License Fee $ | | 0.00 |
| (e) Title Fee $ | | 0.00 |
| (f) Other $ | | 0.00 |
| (Describe) | | |
| TOTAL ITEMIZED CHARGES (a+b+c+d+e+f) | $ | 3,429.92 |
| 5. PRINCIPAL BALANCE (3 + 4) | $ | 15,491.92 |
| 6. FINANCE CHARGE | $ | 3,941.60 |
| 7. UNPAID TIME BALANCE (5 + 6) | $ | 19,433.52 |
| 8. TIME SALE PRICE (1 + 4 + 6) | $ | 22,433.52 |

Page 1 of 4 of Security Agreement dated __07/22/99__ between __NICOLAS GONZALEZ, JR.__ (Buyer) and __RUSH TRUCK CENTERS OF TEXAS, INC__ (Seller) which includes, without limitation, an item of Collateral with the following serial number: __1XKADB9X3NJ568057__

600978 Rev. 4/96
Comm'l Veh-TX

**ORIGINAL FOR ASSOCIATES**

Buyer's Initials

TO CONTACT SELLER'S ASSIGNEE, ASS( .TES COMMERCIAL CORPORATION, ABOL `HIS ACCOUNT CALL 1-800-458-00
THIS CONTRACT IS SUBJECT IN WHOL . `` IN PART TO TEXAS LAW WHICH IS `ORCED BY THE CONSUMER CRE
COMMISSIONER, 2601 NORTH LAMAR BO .EVARD, AUSTIN, TEXAS, 78705-4207. P .NE (512) 936-7600, (214) 263-20
(713) 461-4074.  CONTACT THE CONSUMER CREDIT COMMISSIONER RELATIVE TO ANY INQUIRIES OR COMPLAIN

PAYMENT SCHEDULE: Buyer promises to pay Seller the UNPAID TIME BALANCE (Item 7 above) in ..............24.............. installments as follows:
(Total No. of Installments)

| | | |
|---|---|---|
| *For equal successive monthly installments:* | (a) $ ........809.73........ on ........09/06/1999........ and a like sum on the like date of each | |
| | (Date) | |

month thereafter until fully paid, provided, however, that the final installment shall be in the amount of the remaining un;
balance.

*For other than equal successive monthly installments:*  (b)

**A. DISCLAIMER.** There are no warranties other than those made by the manufacturer of the Collateral, SELLER MAKES NO REPRESENTATIONS
WARRANTIES, EXPRESS OR IMPLIED, AS TO THE QUALITY, WORKMANSHIP, DESIGN, MERCHANTABILITY, SUITABILITY, OR FITNESS OF I
COLLATERAL FOR ANY PARTICULAR PURPOSE, OR ANY OTHER REPRESENTATION OR WARRANTY WHATSOEVER, EXPRESS OR IMPLIED, u::
such warranties are in writing and signed by Seller. Seller shall not under any circumstances be liable for loss of anticipatory profits or
consequential damages.

**B. COLLATERAL USE.** Buyer warrants and agrees that: the Collateral was delivered to and accepted by Buyer in satisfactory condition; the Colla::
will be used solely for business purposes; the Collateral is free from and will be kept free from all liens, claims, security interests and encumbrar
other than that created hereby; notwithstanding Seller's claim to proceeds, Buyer will not, without Seller's prior written consent, sell, rent, !;
encumber, pledge, transfer, secrete or otherwise dispose of any of the Collateral, nor will Buyer permit any such act; the Collateral will be mai::::
in good operating condition, repair and appearance, and will be used and operated with care, only by qualified personnel in the regular cours:
Buyer's business and in conformity with all applicable governmental laws and regulations; the Collateral shall remain personal property and not bec:
part of any real property regardless of the manner of affixation; Seller may inspect the Collateral at all reasonable times and from time to time; and
Collateral will be kept by Buyer at the location set forth for it on the face hereof and will not be removed from said location without the prior w:
consent of Seller, except that an item of Collateral which is mobile and of a type normally used at more than one location may be used by Buyer a
from said location in the regular course of buyer's business provided that (a) such item is not removed from the State of said location, and (b) if :
item is not returned to said location within 30 days, Buyer will immediately thereafter, and each 30 days thereafter until the item is returned, r:
the then current location thereof to Seller in writing.

**C. COLLATERAL PRESERVATION.** Buyer agrees, at its own cost and expense: to do everything necessary or expedient to perfect and preserve
security interests of Seller obtained hereunder; to defend any action, proceeding or claim affecting the Collateral including but not limited to
forfeiture action or proceeding; to pay all expenses incurred by Seller in enforcing its rights after the occurrence of an event of default hereu:
including the reasonable fees (which Buyer agrees shall be reasonable if equal to 20% of all sums then owing hereunder) of any attorneys retai::
Seller and to pay promptly all taxes, assessments, license fees and other public or private charges when levied or assessed against the Collateral,
agreement or any accompanying note.

**D. INSURANCE.** Buyer shall at all times bear all risk of loss of, damage to or destruction of the Collateral. Buyer agrees to procure forthwith
maintain insurance on the Collateral, for the actual cash value thereof and for the life of this agreement, in the form of Fire Insurance with Com:
Additional Coverage and Collision,Theft and/or Vandalism and Malicious Mischief Coverage when appropriate, plus such other insurance as Seller
specify from time to time, all in form and amount and with insurers satisfactory to Seller. Buyer agrees to deliver promptly to Seller certificates
requested, policies of insurance satisfactory to Seller, each with a standard long-form loss-payable endorsement naming Seller or assig:
loss-payee as their interests may appear. Each policy shall provide that Seller's interest therein will not be invalidated by the acts, omiss::
neglect of anyone other than Seller, and will contain insurer's agreement to give 30 days prior written notice to Seller before cancellation of :
material change in the policy will be effective as to Seller, whether such cancellation or change is at the direction of Buyer or insurer. S:
acceptance of policies in lesser amounts or risks will not be a waiver of Buyer's foregoing obligation. Buyer assigns to Seller all proceeds :
physical damage or credit insurance for which a charge is stated herein or which is maintained by Buyer in accordance herewith, including re:
and unearned premiums, up to the amount owing hereunder by Buyer. Buyer directs all insurers to pay such proceeds directly to Seller.
authorizes Seller to endorse Buyer's name to all remittances without the joinder of Buyer.

**E. FINANCING STATEMENT.** If permitted by law, Buyer agrees that a carbon, photographic or other reproduction of this agreement or of a fir:
statement may be filed as a financing statement.

**F. PERFORMANCE.** If Buyer fails to perform any of its obligations hereunder, Seller may perform the same, but shall not be obligated to do so, :
account of Buyer to protect the interest of Seller or Buyer or both, at Seller's option, and Buyer shall immediately repay to Seller any amounts ;
Seller in such performance, together with interest thereon at the same rate as is set forth on the face hereof as payable upon acceleration.

Page 2 of 4 of Security Agreement dated ........07/22/99........ between .....NICOLAS GONZALEZ, JR...........
and...RUSH TRUCK CENTERS OF TEXAS INC................................(Seller) which includes, without limitation, an item of Collateral with the :
serial number: ....1XKADB9X3NJ568057....

600978 Rev. 4/96

G. DEFAULT. Time is of the essence. An event ... efault shall occur if: (a) Buyer fails to pay whe ... e any amount owed by it to Seller or  to a affiliate of Seller, whether hereunder or under an ... her instrument or agreement; (b) Buyer fails to ... m or observe any other term or provision ... be performed or observed by it hereunder or un ... any other instrument or agreement furnished by ... yer to Seller or to any affiliate of Seller otherwise acquired by Seller or any affiliate of Seller; (c) Buyer becomes insolvent or ceases to do ... usiness as a going concern; (d) any of t ... Collateral is lost or destroyed; (e) Buyer makes an assignment for the benefit of creditors or takes advantage of any law for the relief of debtors; (f ... petition in bankruptcy or for an arrangement, reorganization, or similar relief is filed by or against Buyer; (g) any property of Buyer is attached, ... trustee or receiver is appointed for Buyer or for a substantial part of its property, or Buyer applies for such appointment; (h) Seller in good fa ... believes that the prospect of payment or performance hereunder is impaired; or (i) there shall be a material change in the management, ownership ... control of Buyer.

H. REMEDIES. Upon the occurrence of an event of default, and at any time thereafter as long as the default continues, Seller may, at its optio ... without demand, notice of default or of intent to accelerate the maturity hereof, notice of nonpayment, presentment, protest, its honor or notice ... acceleration of the maturity hereof, all of which are expressly waived by Debtor, (i) Declare this agreement to be in default, (ii)declare t ... indebtedness hereunder, to be immediately due and payable, (iii) declare all other debts then owing by Buyer to Seller, to be immediately due a ... payable, (iv) cancel any insurance and credit any refund to the indebtedness, and (v) exercise all of the rights and remedies of a secured party und ... the Uniform Commercial Code and any other applicable laws, including the right to require Buyer to assemble the Collateral and deliver it to Seller a ... place to be designated by Seller which is reasonably convenient to both parties, and to lawfully enter any premises where the Collateral may ... without judicial process and take possession thereof. Acceleration of any and all indebtedness if so elected by Seller, shall be subject to ... applicable laws including those pertaining to refunds and rebates of unearned charges. Unless otherwise provided by law, any requiremen ... reasonable notice which Seller may be obligated to give regarding the sales or other disposition of Collateral will be met if such notice is mailed ... Buyer at its address shown herein at least ten days before the time of sale or other disposition. Seller may buy at any sale and become the owner ... the Collateral. Buyer agrees that Seller may bring any legal proceedings it deems necessary to enforce the payment and performance of Buye ... obligations hereunder in any court in the State shown in Seller's address set forth herein, and service of process may be made upon Buyer by mail ... a copy of the summons to Buyer at its address shown herein. The inclusion of a trade name or division name in the identification of Buyer hereun ... shall not limit Seller's right, after the occurrence of an event of default, to proceed against all of Buyer's assets, including those held or used ... Buyer individually or under another trade or division name. Expenses of retaking, holding, preparing for sale, selling and the like shall include (a) ... reasonable fees (which buyer agrees shall be reasonable if equal to 20% of all sums then owing hereunder) of any attorneys retained by Seller, a ... (b) all other legal expenses incurred by Seller. Buyer agrees that it is liable for and will promptly pay any deficiency resulting from any dispositio ... Collateral after default.

I. GENERAL. Waiver of any default shall not be a waiver of any other default; all of Seller's rights are cumulative and not alternative. No waiver ... change in this agreement or in any related note shall bind Seller unless in writing signed by one of its officers. The term "Seller" shall include a ... assignee of Seller who is the holder of this agreement. After assignment of this agreement by Seller, the assignor will not be the assignee's ag ... for any purpose and Buyer's obligations and liabilities hereunder to the assignee will be absolute and unconditional and will not be subject to ... abatement, reduction, recoupment, defense, set-off or counterclaim available to Buyer for breach of warranty or for any other reason whatsoe ... Any provisions hereof contrary to, prohibited by or invalid under applicable laws or regulations shall be inapplicable and deemed omitted herefro ... but shall not invalidate the remaining provisions hereof. Buyer waives all exemptions to the extent permitted by law. Buyer hereby waives any ri ... to trial by jury in any action relating to this agreement. Seller may correct patent errors herein. All of the terms and provisions of this agreem ... shall apply to and be binding upon Buyer, its heirs, personal representatives, successors and assigns and shall inure to the benefit of Seller, ... successors and assigns. Any headings or captions included in this agreement are intended solely for convenience of reference and shall not aff ... the meaning, construction or effect of this agreement.

J. ACCELERATION INTEREST. Buyer agrees to pay Seller, upon acceleration of the above indebtedness, interest on all sums then owing hereu ... at the rate of 1½% per month if not prohibited by law, otherwise at the highest rate Buyer can legally obligate itself to pay and/or Seller can leg ... collect. Any note taken herewith evidences indebtedness and not payment. All amounts payable hereunder are payable at Seller's address sh ... below or at such other address as Seller may specify from time to time in writing.

K. DELINQUENCY CHARGE. If the Collateral is a Heavy Commercial Vehicle (as defined herein), Buyer agrees to pay to Seller, for each installn ... not paid within 10 days of its due date, a delinquency charge equal to 5% of such installment, or, in lieu thereof, at Seller's option, interest ... maturity on such installment at the highest lawful contract rate. If the Collateral is not a Heavy Commercial Vehicle, Buyer agrees to pay to S ... for each installment not paid within 10 days after its due date, a delinquency charge equal to 5% of such installment, but not to exceed five do ... ($5.00) or, in lieu thereof, at Seller's option, interest after maturity on such installment at the highest lawful contract rate. For the purposes he ... a "Heavy Commercial Vehicle" shall mean any domestic or foreign truck or truck tractor that weighs 19,000 or more pounds gross vehicular w ... (GVW).

L. SECURITY INTEREST. To secure payment of the UNPAID TIME BALANCE (Item 7), Seller retains title to and a security interest in the Colla ... regardless of any retaking and redelivery of the Collateral to Buyer.

M. CROSS SECURITY. Buyer grants to Seller a security interest in the Collateral to secure the payment and performance of all absolute a ... contingent obligations and liabilities of Buyer to Seller, or to any assignee of Seller, now existing or hereafter arising, whether under this agree ... or any other agreement and whether due directly or by assignment; provided, however, upon any assignment of this agreement by Seller ... assignee shall be deemed for the purpose of this paragraph the only party with a security interest in the Collateral.

N. CHATTEL PAPER. This specific Security Agreement is to be sold only to ASSOCIATES COMMERCIAL CORPORATION and is subject t ... security interest of ASSOCIATES COMMERCIAL CORPORATION. The only copy of this Security Agreement which constitutes Chattel Paper ... purposes of the Uniform Commercial Code is the copy marked "ORIGINAL FOR ASSOCIATES" which is delivered to and held by ASSOC ... COMMERCIAL CORPORATION. Any change in the name of the assignee of this Security Agreement from ASSOCIATES COMME ... CORPORATION shall render the copy of this Security Agreement so changed VOID and of no force and effect. No assignee or secured party ... than Associates Commercial Corporation will under any circumstances acquire any rights in, under or to this Security Agreement or any su ... hereunder.

Page 3 of 4 of Security Agreement dated ........07/22/99........between...NICOLAS GONZALEZ, JR................. ...
and...RUSH TRUCK CENTERS OF TEXAS, INC...............................................(Seller) which includes, without limitation, an item of Collateral with the s ...
serial number:....1XKADB9X3NJ568057.............

600978 Rev. 4/96

ORIGINAL FOR ASSOCIATES

O. ORAL AGREEMENT. THIS AGREEMENT REF      ITS THE FINAL AGREEMENT BETWEEN THE r      S AND MAY NOT BE CONTRADICTED EVIDENCE OF PRIOR, CONTEMPORANEOUS, O. UBSEQUENT ORAL AGREEMENTS OF THE PA. ES. THERE ARE NO UNWRITTEN O AGREEMENTS BETWEEN THE PARTIES: BUYER AND SELLER AGREE THAT THIS IS A FOUR PAGE AGREEMENT AND EACH PAGE HER CONSTITUTES A PART OF THIS AGREEMENT.

RUSH TRUCK CENTERS OF TEXAS INC

Seller _____
(Name of individual, corporation or partnership.)

By _____ Title F & I MANAGER
(If corporation, authorized party must sign and show corporate title. If partnership, a general partner must sign. If owner or partner, show which.)

NICOLAS GONZALEZ, JR.

Buyer(s) _____
(Name of individual(s), corporation or partnership. Give trade style, if any, after name.)

By _____ Title INDIVIDUAL
(If corporation, authorized party must sign and show corporate title. If partnership general partner must sign. If owner(s) or partner, show which.)

By _____ Title _____
(If co-buyer, co-partner or co-officer, sign here and show which.)

NOTICE TO THE BUYER--DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLA SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW YOU HAVE THE RIG TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS MAY OBTAIN A PARI REFUND OF THE FINANCE CHARGE. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.

Buyer hereby acknowledges receipt of an exact cop of this contract.

Date 07/22/99

RUSH TRUCK CENTERS OF TEXAS INC

Seller _____
(Name of individual, corporation or partnership.)

By _____ Title F & I MANAGER
(If corporation, authorized party must sign and show corporate title. If partnership, a general partner must sign. If owner or partner, show which.)

NICOLAS GONZALEZ, JR.

Buyer(s) _____
(Name of individual(s), corporation or partnership. Give trade style, if any, after name.)

By _____ Title INDIVIDUAL
(If corporation, authorized party must sign and show corporate title. If partnership general partner must sign. If owner(s) or partner, show which.)

By _____ Title _____
(If co-buyer, co-partner or co-officer, sign here and show which.)

8810 IH 10 EAST
(Street Address) of Seller's Place of Business

SAN ANTONIO        TX 78220
(City, State and Zip Code)

P O BOX 926
(Street Address) of Buyer's Residence or Other Address

EDCOUCH        HIDALGO        TX 785
(City, COUNTY, State, and Zip Code)

Buyer's Initials _____

Page 4 of 4 of Security Agreement dated 07/22/99 between NICOLAS GONZALEZ, JR. and RUSH TRUCK CENTERS OF TEXAS INC (Seller) which includes, without limitation, an item of Collateral with the serial number: 1XKADBSX3NJ568057

600978 Rev. 4/96
Comm'l Veh-TX        ORIGINAL FOR ASSOCIATES

# SELLERS AGREEMENT

For value received, the undersigned ("Assignor") hereby sells, assigns and transfers to ASSOCIATES COMMERCIAL CORPORATION, its successors and assigns ("Assignee"), all Assignor's right, title and interest in and to (a) that certain security agreement dated......07/22/99......between......................... .........NICOLAS GONZALEZ, JR.......................("Buyer") and Assignor which includes, without limitation, an item of Collateral, as defined herein, with the following serial number:1XKAD89X3NJ568057 (the "Security Agreement"), (b) any notes, guaranties and other documents executed in connection with the Security Agreement (herein, with the Security Agreement, called the "Documents"), (c) all amounts due and to become due under the Documents, (d) the property in which a security interest is granted to or reserved by Assignor under the Security Agreement (the "Collateral"), and (e) all of Assignor's rights and remedies under or in connection with the Documents, including the right, without notice to Assignor and without affecting Assignor's liability hereunder: (i) to collect any and all amounts owing under the Documents, (ii) to endorse Assignor's name on any note or remittance received, (iii) to release or discharge the Buyer on the Security Agreement or any other persons obligated under the Documents, on terms satisfactory to Assignee, by operation of law or otherwise, (iv) to settle, compromise or adjust any and all rights against and to grant extensions of time of payment to Buyer or any other persons obligated under the Documents, and (v) to take any other action Assignor might take but for this assignment. Assignor warrants that: the Documents are genuine, enforceable and in all respects what they purport to be; all signatures, names, addresses, amounts and other statements and facts contained in the Documents are true and correct; the Collateral was sold to Buyer in a bona fide time sale transaction; Buyer has paid the down payment in cash or as otherwise set forth in the Security Agreement, and no part thereof was loaned directly or indirectly by Assignor; the Collateral was delivered in satisfactory condition to Buyer on the date set forth below and was accepted by Buyer; any notice of insurance or certificate or policy thereof was or will be delivered to Buyer within the time required by law; all parties to the Documents have the capacity to contract and none of such parties is a minor; the security interest and reservation of title evidenced by the Security Agreement are valid, first, prior to all others and effective against all persons;

Assignor has caused or will promptly cause such actions or procedures to be taken as are required or permitted by statute or regulation to perfect such security interest and reservation of title in Assignee's favor, including, without limitation, filing financing statements, recording documents and obtaining Certificates of Title disclosing Assignee's interest; Assignor has full title to and the right to sell and assign the Documents and the security interest and reserved title evidenced thereby, and this assignment conveys the same free and clear of all liens and encumbrances whatsoever; the Documents are and will continue free from defenses, counterclaims, cross-claims, and set-offs; and Assignor shall continue to be liable hereunder, notwithstanding Assignee's waiver of or failure to enforce any of the terms, covenants or conditions contained in the Documents or any release of, or failure on the part of Assignee to realize upon or protect, the Collateral or any lien thereon. If any of the foregoing warranties are untrue, regardless of Assignee's knowledge thereof or lack of reliance thereon, or if Assignor breaches any provision hereof, Assignor hereby unconditionally agrees to (i) indemnify and hold Assignee harmless from any losses, damages or claims arising therefrom, and (ii) purchase the Documents on written demand from Assignee for the balance remaining unpaid thereunder, plus any expenses of collection, repossession, transportation and storage, and reasonable attorneys' fees and court costs incurred by Assignee, less any customary refund by Assignee of unearned finance charges.

ANY REASSIGNMENT OF THE DOCUMENTS AND/OR THE COLLATERAL BY ASSIGNEE SHALL BE WITHOUT RECOURSE OR WARRANTY OF ANY KIND. Assignor waives notice of acceptance hereof, presentment and demand for payment, protest and notice of non-payment, and subordinates all rights Assignor may now or hereafter have against Buyer to any rights Assignee may now or hereafter have against Buyer. Assignor shall have no authority to, and will not, without Assignee's prior consent, accept collections, repossess, substitute or consent to the return of the Collateral or modify the terms of the Documents.

The Collateral was delivered to Buyer on ............07/22/99.............
(Date)

---

WITH RECOURSE: If Buyer fails to pay any payment on the Documents when due, or if Buyer is otherwise in default under the terms of the Documents, or if Buyer or Assignor becomes insolvent or makes an assignment for the benefit of creditors, or if a petition for a receiver or in bankruptcy is filed by or against Buyer or Assignor, then in any of such events Assignor will, without requiring Assignee to proceed against Buyer or any other person or any security, repurchase the Documents on written demand and pay Assignee in cash the balance remaining unpaid thereunder plus any expenses of collection, repossession, transportation and storage, and reasonable attorneys' fees and court costs incurred by Assignee, less any customary refund by Assignee of unearned finance charges. The terms and provisions of Seller's Assignment above the following described agreement are incorporated herein by reference:

......................................................
(Identify specific agreement or, if none, show "None")

Assignor ......................................................
(Name of individual, corporation or partnership.)

Dated ......................................................

By ......................................................   Title ......................
(If corporation, authorized party must sign and show corporate title. If partnership, a general partner must sign. If owner or partner, show which.)

---

WITHOUT RECOURSE: This assignment is Without Recourse as to the financial ability of the Buyer to pay, except as provided in Seller's Assignment above or as may be otherwise provided in the following described agreement between Assignor and Assignee. The terms and provisions of Seller's Assignment above and the following described agreement are incorporated herein by reference.

THE ASSOCIATES - RUSH TRUCK CENTERS OF TX, INC.
SERVICE DEALER DATED 9-5-96
(Identify specific agreement or, if none, show "None")
DEALER AGREEMENT DATED

Assignor SAN ANTONIO PETERBILT - GMC TRUCKS, INC.
RUSH TRUCK CENTERS OF TEXAS, INC. DBA
(Name of individual, corporation or partnership.)

Dated ............07/22/99............

By ......Robert A. J......................   Title ......Fil Menuy..........
(If corporation, authorized party must sign and show corporate title. If partnership, a general partner must sign. If owner or partner, show which.)

---

REPURCHASE: Assignor hereby agrees with Assignee that in the event of repossession of the Collateral Assignor on written demand will purchase the Security Agreement from Assignee at a place designated by Assignee for the balance remaining unpaid under the Security Agreement plus any expenses of collection, repossession, transportation and storage, and reasonable attorneys' fees and court costs incurred by Assignee, less any customary refund by Assignee of unearned finance charges, and will so purchase the Security Agreement even though Assignee may have waived full performance of the provisions of Seller's Agreement by Buyer without Assignor's consent. The terms and provisions of Seller's Assignment above and the following described agreement are incorporated herein by reference.

......................................................
(Identify specific agreement or, if none, show "None")

Assignor ......................................................
(Name of individual, corporation or partnership.)

Dated ......................................................

By ......................................................   Title ......................
(If corporation, authorized party must sign and show corporate title. If partnership, a general partner must sign. If owner or partner, show which.)

---

ORIGINAL FOR ASSOCIATES



## SECURITY AGREEMENT

The undersigned debtor if more then one jointly and severally, ("Debtor"), to further secure payment performance of all obligations of Debtor to the below named secured party, (herein with its successors and assigns ca "Secured Party") under an agreement between the parties dated ........07/22/99...... (the "Agreement"), hereby grants Secured Party a security interest in the following described property, complete with all present and future attachme accessories, replacement parts, repairs, additions, and all proceeds thereof, all hereinafter referred to collectively "Collateral":

(Describe Collateral fully including make, kind of unit, model and serial numbers and any other pertinent information.)

1988 INTERNATIONAL 9370 SN#1HSRDGTR6JH526657

Debtor warrants and agrees that Debtor is justly indebted to Secured Party for the full amount of the indebted described in the Agreement and that Debtor lawfully possesses and owns the Collateral free from all liens, cl security interests and encumbrances other than that created hereby and

NONE

(If none other than this agreement, show "None".)

Debtor grants to Secured Party a security interest in the Collateral to secure, in addition to the indebtedness set f above, the payment and performance of all absolute and all contingent obligations and liabilities of Debtor to Sec Party, or to any assignee of Secured Party, now existing or hereafter arising whether under this agreement or any o agreement and whether due directly or by assignment; provided, however, upon any assignment of this agreemen Secured Party, the assignee will be deemed for the purpose of this paragraph the only party with a security intere the Collateral.

The security interest granted hereby shall continue effective irrespective of any retaking and redelivery of Collater Debtor until all amounts secured hereby are fully paid in money. No oral agreement, guaranty, promise, represent or warranty shall be binding upon Secured Party.

Debtor hereby agrees that all of the terms and provisions of the Agreement are incorporated herein by referenc that the same shall be applicable to the Collateral with the same force and effect as if the same were set forth her full.

Dated   07/22/99

Secured   RUSH TRUCK CENTERS OF TEXAS INC
Party
        (Name of individual, corporation or partnership.)

By                          Title   F & I MANAGER
(if corporation, have signed by authorized officer and give corporate title. If
partnership, a general partner must sign. If owner or partner, show which.)

8810 IH 10 EAST
        (Street Address)

SAN ANTONIO        TX 78220
        (City, State/Province and Zip Code)

Debtor   NICOLAS GONZALEZ, JR.
        (Name of individual, corporation or partnership.
        Give trade style, if any, after name.)

By                          Title   INDIVIDUAL
(if corporation, have signed by authorized officer and give corporate
partnership, a general partner must sign. If owner or partner, show

P O BOX 926
        (Street Address)

EDCOUCH        HIDALGO        TX 78538
        (City, COUNTY, State/Province and Zip Code)

622131 Add'l Collateral (Rev. 12-91)

# AGREEMENT

**ASSOCIATES COMMERCIAL CORPORATION**

ASSOCIATES COMMERCIAL CORP

901 NE LOOP 410 STE 618W

SAN ANTONIO, TX 78209

Gentlemen:

You have purchased one or more conditional sale contracts, lease agreements, chattel mortgages, security agreements, notes and other choses in action (herein designated "Accounts") arising from the sale or lease to us, by various vendors or lessors, of equipment and/or inventory (herein designated "Collateral") and/or you have made direct loans to us and/or leased Collateral to us and/or otherwise extended credit to us evidenced by Accounts creating security interests in Collateral.

In order to induce you to extend our time of payment on one or more Accounts and/or to make additional loans to and/or to lease Collateral to us and/or to purchase additional Accounts, and in consideration of you so doing, and for other good and valuable consideration, the receipt of which we hereby acknowledge, we agree as follows:

All presently existing and hereafter acquired Collateral (the description of which is incorporated herein by reference which you have or shall have a security interest shall secure the payment and performance of all our liabilities and obligations to you of every kind and character, whether joint or several, direct or indirect, absolute or contingent, due to become due, and whether under presently existing or hereafter created Accounts or agreements, or otherwise (herein individually and collectively designated "Obligations").

We further agree that your security interest in the Collateral covered  by any Account now held or hereafter acquired by you shall not be terminated in whole or in part until and unless all of our Obligations to you are fully paid and satisfied and the terms of every Account now owned or hereafter acquired by you have been fully performed by us. It is further agreed that you are to retain your security interest in all Collateral covered by all Accounts now owned or hereafter acquired by you, as security for payment and performance under each such Account, notwithstanding the fact that one or more of such Accounts may become fully paid.

A default under any Account or other agreement between us shall be deemed to be a default under all other Accounts and agreements.  A default shall result if we fail to pay any sum when due on any Account or agreement, or if we break any of the other terms and conditions thereof, or if we become insolvent, cease to do business as a going concern, make an assignment for the benefit of creditors, or if a petition for a receiver or in bankruptcy is filed by or against us, or if any of our property is seized, attached or levied upon. Upon our default any or all Accounts and agreements shall, at your option, become immediately due and payable without notice or demand to us or any other party obligated thereon, and you shall have and may exercise any and all rights and remedies of a secured party under the Uniform Commercial Code as enacted in the applicable jurisdiction(s) and as otherwise granted or accorded to you under any Account, other agreement, rule of law, judicial decision or statute.  We hereby waive, to the maximum extent permitted by law, notice of default, notices of repossession and sale or the disposition of Collateral, and all other notices, and in the event any such notice cannot be waived, we agree that if such notice is mailed to us postage prepaid at the address shown below at least ten (10) days prior to the exercise by you of any of your rights or remedies, such notice shall be deemed to be reasonable and shall fully satisfy any requirement for giving notice.

All rights and remedies granted to you hereunder shall be cumulative and not alternative, shall be in addition to and shall in no manner impair or affect your rights and remedies under any existing Account, agreement, statute, judicial decision or rule of law.

This instrument is intended to create cross-default and cross-security between and among all Accounts now owned hereafter acquired by you.

This agreement may not be varied or altered nor its provisions waived except by your duly executed written agreement. This agreement shall inure to the benefit of your successors and assigns and shall be binding upon our heirs administrators, executors, legal representatives, successors and assigns.

IN WITNESS WHEREOF, we have executed this Agreement on _____ 07/22/99

(Date)

NICOLAS GONZALEZ, JR.

_____

(Name of Proprietorship, Partnership or Corporation, as applicable)

P O BOX 926

_____

EDCOUCH                 TX 78538

(Principal Place of Business)

By _____ INDIVIDUAL

(Signature) (Owner, Partner or Officer, as applicable)

By _____

(Signature) (Owner, Partner or Officer, as applicable)

Accepted and agreed to on _____

07/22/99

(Date)

_____

ASSOCIATES COMMERCIAL CORPORATION

By _____

(Name and Title)

620859 (Cross Collateral/Cross Default)
(Rev. 10 83)
1.01

Page 2 of

**Texas Department of Transportation**

TITLE APPLICATION/RECEIPT

COUNTY: BEXAR
STICKER NO:
PLATE NO:
DOCUMENT NO: 0151113035912094?

TAC NAME: SYLVIA S. ROMO, CPA
DATE: 07/30/1999          EFFECTIVE DATE:
TIME: 10:12PM            EXPIRATION DATE:
EMPLOYEE ID: GL0037D    TRANSACTION ID: 0151113035912094?

OWNER NAME AND ADDRESS
JESUS D GONZALEZ JR
PO BOX 600
IMOCION, TX 70506

REGISTRATION CLASS: APPORTIONED
PLATE TYPE: APPORTIONED TRUCK PLT
STICKER TYPE:

VEHICLE IDENTIFICATION NO: 1XKADB9X3NJ668057          VEHICLE CLASSIFICATION: TRK-4
YR/MAKE: 1992/KW    MODEL:        BODY STYLE: DS    UNIT NO:
EMPTY WT: 17800    CARRYING CAPACITY: 0          GROSS WT: 17800   TONNAGE: 5.00    TRAILER TYPE:
BODY VEHICLE IDENTIFICATION NO:                    TRAVEL TRLR LENGTH: 0
PREV OWNER NAME: RUSH TRK CTR PHARR          PREV CITY/STATE: PHARR, TX

INVENTORY ITEM(S)                    Y?

                                        FEES ASSESSED
                                        TITLE APPLICATION FEE          $          13.00
VEHICLE RECORD NOTATIONS                              TOTAL          $          13.00
MODEL                                    METHOD OF PAYMENT AND PAYMENT AMOUNT:
                                        CHECK #50220    $          13.00


                                        AMOUNT PAID    $          13.00
                                        CHANGE DUE      $          0.00
                                        SALES TAX CATEGORY: EXEMPT

                                        SALES TAX DATE: 07/30/1999
ODOMETER READING: EXEMPT    BRAND:          SALES PRICE    $          0.00
OWNERSHIP EVIDENCE: TEXAS TITLE          TRADE IN ALLOWANCE  $          0.00
1ST LIEN        DATE: 07/22/1999          TAXABLE AMOUNT  $          0.00
ASSOCIATES COMMERCIAL CORP                  SALES TAX PAID  $          0.00
0263-SAN ANTONIO                    OTHER STATE TAX PAID -  $          0.00
PO BOX 168047                        TAX PENALTY    $          0.00
IRVING, TX 75016                      TOTAL TAX PAID  $          0.00
                                  BATCH NO: 111393390!    BATCH COUNT: 18
2ND LIEN

3RD LIEN

                    THIS RECEIPT TO BE CARRIED IN ALL COMMERCIAL VEHICLES.

ORIGINAL

ClibPDF - www.fastio.com

# LIENHOLDER CLAIM

**Associates Commercial Corporation ("Associates") intends to contest the seizure, as referenced below, in the United States District Court and, therefore, submits this Claim.** In further support of this claim, Associates submits the Affidavit of Tina Calvillo (Exhibit 1), attached to which is the Security Agreement (Conditional Sale Contract) (Exhibit A); Title Application Receipt (Exhibit B); demand letter (Exhibit C); and evidence of fair market value (Exhibit D).

| | |
|---|---|
| PLACE OF SEIZURE: | SARITA, TEXAS |
| VEHICLE DESCRIPTION: | 1992 KENWORTH TRACTOR T600<br>VIN 1XKADB9X3NJ568057 |
| ASSET ID NO.: | 01-DEA-389093 |
| CASE NO.: | MA-01-0085 |
| DATE OF SEIZURE: | FEBRUARY 23, 2001 |
| SEIZING AGENCY: | U.S. DEPARTMENT OF JUSTICE<br>DRUG ENFORCEMENT ADMINISTRATION |
| REGISTERED OWNER'S NAME: | NICOLAS GONZALEZ, JR. |
| LIEN-HOLDER'S NAME:<br>MAILING ADDRESS: | ASSOCIATES COMMERCIAL CORPORATION<br>C/O TINA CALVILLO<br>901 N.E. LOOP 410, SUITE 618<br>SAN ANTONIO, TX 78209 |
| PHONE NUMBER & CONTACT: | (800) 533-0562; TINA CALVILLO |
| LIEN-HOLDER'S ATTORNEY: | MICHAEL P. RIDULFO |
| ATTORNEY'S PHONE NUMBER: | (361) 884-4981 |
| LIEN-HOLDER'S AGENT FOR<br>SERVICE OF PROCESS: | MICHAEL P. RIDULFO |
| AGENT'S ADDRESS: | 711 N. CARANCAHUA<br>1200 AMERICAN BANK PLAZA<br>CORPUS CHRISTI, TEXAS 78475 |
| CURRENT PAYOFF ON LIEN: | $5,250.55 |
| VALUE: | $15,108.75[1] |

TINA CALVILLO, Asset Manager

---

[1] Blue Book value. Associates has not had an opportunity to inspect this collateral to determine its fair market value.

---

SWORN TO AND SUBSCRIBED BEFORE ME by the said TINA CALVILLO, this 80th day of April_____, 2001, to certify which witness my hand and seal of office.

Notary Public in and for
the State of Texas

ALICIA FRAUSTO
Notary Public
State of Texas
Comm. Exp. 06-20-2004

Lienholder Claim

CItiPDF – www.fasiso.com

# SORRELL, ANDERSON, LEHRMAN, MAIXNER & RIDULFO, L.L.P.

ATTORNEYS AT LAW
711 N. CARANCAHUA
1200 AMERICAN BANK PLAZA
CORPUS CHRISTI, TEXAS 78475
TELEPHONE (361) 884-4981
FAX (361) 884-9618

WILLIAM R. ANDERSON, JR. (1921 - 1997)

ANDREW J. LEHRMAN
BOARD CERTIFIED CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
MEDIATOR

ROBERT ANDERSON

GEORGE ANN HARPOLE MAIXNER
BOARD CERTIFIED PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

MICHAEL P. RIDULFO

DANIEL HALL
MAINTAINS REGISTERED NURSE LICENSURE

April 10, 2001

<u>VIA CM/RRR #7099 3220 0004 2531 1237</u>
<u>AND U.S. MAIL/FIRST CLASS:</u>

Mr. Nicolas Gonzalez, Jr.
P. O. Box 926
Edcouch, Texas 78538

RE:    ASSOCIATES ACCOUNT NO:    6226-1310208
                                **1992 KENWORTH T600 TRACTOR TRUCK**
                                **VIN #1XKADB9X3NJ568057**

Dear Mr. Gonzalez:

Please be advised that the undersigned represents Associates Commercial Corporation ("Associates") in connection with the above-referenced account. I have been advised by Associates that pursuant to that certain July 22, 1999 Security Agreement which is held by Associates for the purchase and finance of a 1992 Kenworth T600 Tractor Truck, there is presently due and owing the following past due payments per terms of said contract:

Past Due:    03/06/01 in the amount of $809.73
Past Due:    04/04/01 in the amount of $809.73

totaling $1,619.46, plus $618.70 in accrued late fees and $25.94 in current late fees for a total of $2,264.10, less any unearned interest. In addition, you have allowed the collateral to be seized in violation of your contract.

You have ten (10) days from the date of this letter to cure these defaults. These defaults can be cured by (1) payment of $2,264.10; (2) obtaining the release of the unit; and (3) obtaining a written statement from the seizing authority confirming that the seizing authority will not challenge Associates' innocent lienholder status in the event the collateral is again seized. If payment is not received by April 20, 2001, notice is hereby given that Associates will accelerate the obligation and demand the full outstanding balance.

If there is any reason why you should not or cannot cure these defaults, please contact me immediately. You are further advised that the creditor seeking payment herein is Associates Commercial Corporation. In the event you seek verification of the outstanding indebtedness as stated above, the same will be provided to you in writing upon proper request within thirty (30) days of the date of the receipt of this letter. You are further advised that written verification of the creditor seeking payment herein (Associates) will also be provided to you upon proper receipt of such request. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Mr. Nicolas Gonzalez, Jr.
April 10, 2001
Page Two

Our firm is required by law to give you the notice contained in the preceding paragraph, but such language does not affect the right of Associates to enforce its rights under the Security Agreement prior to the expiration of the thirty (30) day period.

I await your reply.

Very truly yours,

Michael P. Ridulfo

MPR/jdd
\\Selmr_server\joann\data\ASSOC.Seizures\ASSOC.Gonzalez-N.DEA\DEMANDLTR.NTC-INTENT-ACCELERATE.wpd

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**

| | |
|---|---|
| Article Sent To | |
| _Assoc / Nicolas Gonzalis (DEA)_ | |
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

**Name (Please Print Clearly) (To be completed by mailer)**
_Nicolas Gonzalez Jr._

**Street, Apt. No.; or PO Box No.**

**City, State, ZIP+ 4**

PS Form 3800, July 1999    See Reverse for Instructions

7099 3220 0004 2652 1237