UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. B-01-108 |
| § | |
| ONE 1992 KENWORTH TRACTOR § | |
| VIN No. 1XKADB9X3NJ568057 § | |
| Defendant. § | |

## STIPULATION AND AGREED ORDER
## ESTABLISHING CLAIM OF ASSOCIATES COMMERCIAL CORP.

The United States of America and ASSOCIATES COMMERCIAL CORPORATION ("CLAIMANT") stipulate and agree as follows:

1. CLAIMANT is a lien holder on the defendant property described as a 1992 KENWORTH TRACTOR, VIN No. 1XKADB9X3NJ568057, registered to Nicolas Gonzalez, Jr. ("Defendant Property" or "KENWORTH Tractor").

2. CLAIMANT's lien on the KENWORTH Tractor is valid under the laws of the State of Texas.

3. CLAIMANT's lien secures payment of a Security Agreement (Conditional Sale Contract) ("Contract") entered into between Claimant and Nicolas Gonzalez, Jr., on July 22, 1999. The original principal amount under the contract and secured by lien against the KENWORTH Tractor was twelve thousand and sixty-two dollars ($12,062.00). Twenty-four payments were to be made under the contract. Each payment was for $809.73, commencing September 6, 1999. Nicolas Gonzalez, Jr., stopped making payments under the contract in March 2001.

4. CLAIMANT'S lien on the KENWORTH Tractor was acquired without knowledge of any act or omission which would make the KENWORTH Tractor forfeitable to the United States. CLAIMANT is an innocent claimant under 18 U.S.C. § 983(d).

5. CLAIMANT timely gave notice to the United States of its interest in KENWORTH Tractor in this civil proceeding.

6. A preponderance of the evidence establishes that the KENWORTH Tractor is subject to seizure and forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

7. The parties stipulate that reasonable cause, as that term is set forth in 28 U.S.C. § 2465, existed to seize and detain the Defendant Property and to initiate the forfeiture action against the Defendant Property.

8. The current amount of CLAIMANT's lien and claim to the KENWORTH Tractor, including principal and interest, and due under the terms of the contract, as of September 10, 2001 is $5,328.99, plus accrued attorney fees of $815.00 (the "Allowed Claim"). This Allowed Claim may be modified by subtracting the value of any future payments made under the contract.

9. Upon the entry by the Court of a final order or judgment of forfeiture of the KENWORTH Tractor, the U.S. Marshals' Service or its designee shall sell or dispose of the KENWORTH Tractor in accordance with law, on such terms as it deems advisable.

10. Proceeds from the sale or disposition of the KENWORTH Tractor, if

any, shall be disbursed in the following priority:

    (a)    To reimburse the United States Marshals Service for its administrative costs in exercising jurisdiction over, preserving, storing or marketing the KENWORTH Tractor;

    (b)    To pay all reasonable commissions and costs of sale;

    (c)    To pay this Allowed Claim and interest, if any, to include attorney fees incurred by Claimant up to $900.00.

    (d)    To pay other Allowed Claims pertaining to the KENWORTH Tractor, and interest, if any, in a sequence and priority to be determined by the Court at a later date;

    (e)    All remaining proceeds shall be disbursed by the United States Marshals Service in accordance with law.

11. Upon payment of the Allowed Claim, CLAIMANT shall release its lien on the KENWORTH Tractor.

12. In no event is the United States liable to Claimant for any amount in excess of the amounts derived from the aforementioned sale as distributed in accordance with the aforementioned priority payments

13. CLAIMANT releases and forever discharges the United States, its employees, representatives and agents, including, but not limited to, the United States Marshals Service, the United States Attorney's Office and the U.S. Department of Justice, from all claims and causes of action arising out of or relating to the prosecution or settlement of this action, to include the administrative forfeiture which commenced the forfeiture of the Defendant Property. This paragraph, however, shall not act as a release or discharge of the obligations and duties imposed upon the United States by this Stipulation and Agreed Order.

3

14. The United States and CLAIMANT shall each bear their own costs and expenses in connection with this proceeding and all other actions related to the seizure and forfeiture of the KENWORTH Tractor. The only exception to this allocation is for Claimant's attorney's fees, not to exceed $900.00.

15. This Stipulation and Agreed Order fully resolves all issues raised by CLAIMANT regarding the KENWORTH Tractor and its forfeiture by the United States and the parties agree to dismiss this action with prejudice as to both parties.

APPROVED AS TO FORM AND SUBSTANCE:

| GREGORY A. SERRES | ASSOCIATES COMMERCIAL CORPORATION |
| UNITED STATES ATTORNEY | CLAIMANT |

By: _____  By: _____
RONALD G. MORGAN              MICHAEL P. RIDULFO
Assistant U.S. Attorney       Counsel for Associates Com. Corp.
600 East Harrison Street, #201  Sorrell, Anderson Lehrman, Maixner
Brownsville, Texas 78521      & Ridulfo, L.L.P.
(956)548-2554                 1200 American Bank Plaza
                              Corpus Christi, Texas 78475
                              (361) 884-4981

(I give Mr. Morgan permission to sign my name to the original of this Stipulation)

ORDERED and SIGNED this 17th day of October, 2001, at Brownsville, Texas.

_____
JUDGE PRESIDING

4