*14*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. B-01-108 |
| | § | |
| ONE 1992 KENWORTH TRACTOR | § | |
| VIN No. 1XKADB9X3NJ568057 | § | |
| Defendant. | § | |

OCT 17 2001

## FINAL ORDER OF FORFEITURE AND RELEASE

Upon consideration of the "Stipulation and Agreed Order" in the above styled case entered into by and between the parties to this action, relating to **ONE 1992 KENWORTH TRACTOR, VIN No. 1XKADB9X3NJ568057** (hereafter "Defendant Property"):

The Court **FINDS**:

1. Defendant Property was used to transport controlled substances, for which reason it is forfeitable pursuant to 21 U.S.C. § 881(a)(4).

2. Based upon the failure to file a timely statement of interest or claim and answer, the Court previously entered default judgment against all interests in Defendant Property, excepting those of Associates Commercial Corporation.

3. The Government and Associates Commercial Corporation have entered into an agreement to fully and completely settle Associates Commercial Corporation's claim, the "Allowed Claim," to the Defendant Property.

4. This settlement, combined with the Court's earlier default judgment, resolves all interests in and claims to the Defendant Property.

Therefore, IT IS HEREBY **ORDERED** that:

1

1. The Defendant Property is forfeited to the United States, pursuant to 21 U.S.C. § 881(a)(4).

2. The United States Government, or whoever is acting upon its behalf, shall sell the Defendant Property in the usual manner in which such property is sold;

3. The proceeds of that sale shall be applied in the following priority

    (a) To reimburse the United States Marshals Service for its reasonable administrative costs in exercising jurisdiction over, preserving, storing or marketing the Defendant Property;

    (b) To pay all reasonable commissions and costs of sale;

    (c) To pay this Allowed Claim and interest, if any, and attorney fees incurred by Claimant up to $900.00.

    (d) To pay other Allowed Claims pertaining to the Defendant Property, and interest, if any, in a sequence and priority to be determined by the Court at a later date;

    (e) All remaining proceeds shall be disbursed by the United States Marshals Service in accordance with law.

4. The Court finds that reasonable cause, as that term is set forth in 28 U.S.C. § 2465, existed to seize and to detain the Defendant Property and, further, that reasonable cause, under 18 U.S.C. § 981 and 28 U.S.C. § 2465, existed for seizure, detention and the initiation of the forfeiture action against the Defendant Property.

5. Based upon the agreement of the parties, as reflected in and in accordance with the terms contained in the "Stipulation and Agreed Order" entered into by the

parties, the Court orders that this matter be dismissed with prejudice as to both parties.

**THIS IS THE FINAL ORDER OF FORFEITURE AND RELEASE**

***ORDERED*** and SIGNED this 17th day of October, 2001, at Brownsville, Texas.

_____
JUDGE PRESIDING

3